UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyron Wade, | ) | C/A No. 6:11-3470-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Ofc. Thomas; Warden Mr. Stevenson; | ) | |
| Cpt. Mr. Jones; and Major Ms. Sutton, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Tyron Wade, brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants used excessive force against him and failed to protect him from harm in violation of his constitutional rights. He seeks money damages and declaratory relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the plaintiff has failed to exhaust his administrative remedies and that the complaint should be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B). The defendants have moved for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. The plaintiff was notified of his right to file objections to the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

1

Report and Recommendation and filed timely objections thereto.

The plaintiff contends that on November 11, 2011 he was assaulted by Defendant Officer Thomas. The defendants contend that the plaintiff has not exhausted his administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e) and the grievance procedures for the South Carolina Department of Corrections. The Magistrate Judge provides a summary of the SCDC grievance system policy in his Report and Recommendation.

On November 13, 2011—two days after the alleged incident—the plaintiff filed a Step 1 grievance. The grievance was forwarded to the Institutional Grievance Coordinator on November 30, 2011, who then forwarded it to the Division of Investigations due to the allegations made in the grievance. The plaintiff was advised that the time frames stated for grievances are not applied to grievances sent to the Division of Investigations, and that the plaintiff would be notified of the decision in the future.

On December 19, 2011, the plaintiff filed the instant complaint with federal court, admittedly before he had received an agency decision on his grievance. On June 20, 2012, the Warden sent a letter to the plaintiff advising him that the matter was resolved. The plaintiff then indicated on the form that he did not accept the Warden's decision and wished to appeal on August 16, 2012. Then, on September 13, 2012, that plaintiff filed a letter with the Clerk of Court stating that he had now exhausted his administrative remedies.

The Magistrate Judge correctly opines that the plaintiff failed to exhaust his administrative remedies under the PLRA prior to commencing this action. The plaintiff may not exhaust his administrative remedies during the course of the litigation. Rather, these

2

remedies must be exhausted *prior to* filing suit in federal court. *Moore v. Bennette*, 517 F.3d 717 (4th Cir. 2008).

The court has conducted the required *de novo* review and finds the plaintiff's objections are duplicative of the original complaint, without merit, and are thus overruled.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, the defendants' motions for summary judgment are granted and the plaintiff's complaint is dismissed without prejudice for failure to exhaust his administrative remedies.

IT IS SO ORDERED.

March 8, 2013                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge